Alan L. MAYNARD, Plaintiff–
Appellant,

v.

TOWN OF MONTEREY, TENNESSEE;
William K. Wiggins, Mayor of Monterey; A. Bruce Breedlove; Richard Lynch, Defendants–Appellees.

No. 03–5202.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2003.

Alan L. Maynard, pro se, Cookeville, TN, for Plaintiff–Appellant.

Thomas M. O'Mara, Cookeville, TN, for Defendants–Appellees.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

## ORDER

Alan L. Maynard, a Tennessee resident proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the Family and Medical Leave Act of 1993 ("FMLA") (29 U.S.C. § 2601 et seq.). Named as defendants are: 1) the Town of Monterey, Tennessee (Monterey); 2) William K. Wiggins, Mayor of Monterey; 3) A. Bruce Breedlove, Chief of Police, Monterey Police Department ("MPD"); and 4) Lieutenant Richard Lynch, MPD. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The background facts underlying this lawsuit are adequately set forth in the magistrate judge's report and recommendation and will not be repeated herein. Suffice it to say that Maynard was formerly a police officer with the MPD. He filed his complaint alleging that the defendants violated his rights under the FMLA when they denied him intermittent leave under the FMLA to care for his infant daughter. He further maintains that, because he was entitled to take intermittent leave under the FMLA to care for his daughter, his employment termination for doing so violated his rights under the Act. Third, he alleges sexual discrimination under Title VII, *i.e.*, that he was fired because he was a male.

The defendants filed a motion for summary judgment. The magistrate judge recommended that summary judgment be granted for the defendants. The district court adopted the report and recommendation over Maynard's objections. This appeal followed.

We review the district court's summary judgment de novo. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir.2000). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly granted summary judgment for the defendants. Maynard did not fulfill the prerequisites for filing his Title VII claim because he failed to timely exhaust his administrative remedies with respect to his Title VII claim. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392–98, 102 S.Ct. 1127,

71 L.Ed.2d 234 (1982); *Parry*, 236 F.3d at 309. Moreover, Maynard did not possess a right-to-sue letter, a prerequisite to proceeding on his Title VII claim in the district court.

■ Further, the doctrine of equitable tolling does not apply here. While this doctrine may excuse a plaintiff's failure to timely exhaust his administrative remedies, *see Irwin*, 498 U.S. at 93–94, 111 S.Ct. 453, the doctrine generally will not excuse a failure to comply with procedural time requirements where the complainant does not diligently pursue his remedies. *See id.* at 96, 111 S.Ct. 453. Here, Maynard not only was aware of the filing requirement, he was warned that failure to exhaust his administrative remedies would result in the dismissal of his claim. He failed to exercise due diligence in investigating and protecting his rights under Title VII.

■ We also conclude that summary judgment for the defendants was proper on Maynard's claim that he was improperly denied intermittent leave under the FMLA. The FMLA. provides that "[l]eave ... under this section shall not be taken by an employee intermittently ... unless the employee and the employer of the employee agree otherwise." 29 U.S.C. § 2612(b)(1); *Davis v. Henderson*, No. 99–3028, 2000 WL 1828476, at *4 (6th Cir. Dec.4, 2000). No agreement existed with respect to intermittent leave.

■ Finally, summary judgment for the defendants was proper on Maynard's claim that his firing violated his rights under the FMLA. Title 4, Section X, Subsection B of Monterey's Rules and Regulations states that, "[a]n unauthorized absence from work for a period of three consecutive working days may be considered by the department head as a resignation." Because Maynard's absence from work during the period March 24 through March 27, 2000, was unauthorized, and because he

remained in that status well beyond the required three days, such continued absence was properly viewed as a resignation under Monterey's Rules and Regulations. Aside from claiming that he was entitled to be on FMLA during this period, Maynard provides no cogent argument to counter the defendants' position that he abandoned his job, this despite being advised repeatedly by defendant Lynch to report for work, and despite twice being given the opportunity to do so. Where an employee quits his position voluntarily, he may not recover under the FMLA for an allegedly adverse employment action. *See Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 447 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.